**EXHIBIT 1**

**Order With Respect to Motion of Access Information Management Corporation for Allowance and Payment of Administrative Expense Claims**

57040494.1 01/27/2026

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CAREPOINT HEALTH SYSTEMS, INC., | ) Case No. 24-12534 (JKS) |
| *et al.*, | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Related to Docket Nos. 1346 and 1670** |

**ORDER WITH RESPECT TO MOTION OF ACCESS INFORMATION
MANAGEMENT CORPORATION FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIMS**

On certification of counsel for the Parties (as defined below) with respect to the *Motion of Access Information Management Corporation for Allowance and Payment of Administrative Expense Claims* [Docket No. 1346] (the "**Admin Claim Motion**") filed by Access Information Management Corporation ("**Access**") and the *Objection of the Debtors to Motion of Access Information Management Corporation for Allowance and Payment of Administrative Expense Claims* [Docket No. 1386] ("**Debtors' Objection**") filed by the above-captioned debtors (the "**Debtors**" and together with Access, collectively, the "**Parties**"); and the Court, having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the standing order of reference of the District Court; and the Court, having found that the relief sought by the Parties in the Stipulation attached hereto as **Exhibit A** (the "**Settlement Stipulation**") is a reasonable, just and appropriate resolution of the issues raised by the Parties pursuant to the Admin Claim Motion and Debtors' Objection;

IT IS HEREBY ORDERED THAT:

1. The terms of the Settlement Stipulation are incorporated herein and approved as an Order of this Court in their entirety;

2.    Without limiting the incorporation of the terms of the Stipulation as set forth above:

(a)    Access Information Management Corporation is hereby granted an allowed administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code in the amount of $700,000 (the "**Allowed Administrative Claim**");

(b)    Notwithstanding anything to the contrary contained in the confirmed plan [Docket No. 1154] (the "**Plan**") or the order confirming the Plan [Docket No. 1168] (the "**Confirmation Order**"), Debtors shall make the following payments (the "**Required Payments**") to Access in satisfaction of the Allowed Administrative Claim:

(i)    $250,000.00 upon execution of the Stipulation by the Parties;

(ii)    $150,000.00 plus interest as provided by the Stipulation, on or before February 10, 2026;

(iii)    $150,000.00 plus interest as provided by the Stipulation, on or before March 10, 2026; and

(iv)    $150,000.00 plus interest as provided by the Stipulation, on or before April 10, 2026;

(c)    Debtors consent (i) to entry of judgment in favor of Access in the amount of $675,000.00, (ii) that such judgment may be transferred to and lodged in the state and federal courts of New Jersey and any other jurisdictions in which the Debtors have property, and (iii) that Access' obligation to satisfy the judgments entered shall be triggered 91 days after Debtors have made all the Required Payments;

2

3.      Debtors shall comply with any applicable Federal and State laws regarding destruction of Stored Materials (as defined in the Stipulation);

4.      The terms and conditions of this Order are immediately effective and enforceable upon its entry; and

5.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

Dated: January 9th, 2026
Wilmington, Delaware

3

**EXHIBIT A**

**SETTLEMENT STIPULATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CAREPOINT HEALTH SYSTEMS, INC., | ) |
| *et al.*, | ) Case No. 24-12534 (JKS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related to Docket No. 1346** |
| | ) |

## STIPULATION

This Stipulation of Settlement (this "**Stipulation**") is made and entered into as of this 8th day of January, 2026, by and between Access Information Management Corporation ("Access") and the above-captioned reorganized debtors (the "**Debtors**", and, together with Access, as context requires, the "**Parties**").

## RECITALS

The following recitals are incorporated into and are part-and-parcel of this Stipulation.

WHEREAS, Access provides document storage, computerization, retrieval, destruction and related services to its customers.

WHEREAS, the Debtors oversee or oversaw the operations and combined resources of three hospitals and related neighborhood health centers located in Hudson County, New Jersey—Bayonne, Christ Hospital and HUMC.

WHEREAS, the Debtors are "health care businesses" within the meaning of 11 U.S.C. § 101(27A) and the Debtors' patients are "patients" within the meaning of 11 U.S.C. § 101(40A).

WHEREAS, certain of the Debtors, and/or their predecessors, entered into contracts with Access' predecessor pursuant to which certain records of the Debtors are being stored.

57003787.1 01/07/2026
57003787.3
57003787.4

WHEREAS, Access is storing records (the "**Stored Materials**") belonging to the Debtors.

WHEREAS, the Stored Materials are comprised largely if not exclusively of patient medical records, which may include both medical information and credit card and related information.

WHEREAS, the Stored Materials comprise "patient records" within the meaning of 11 U.S.C. § 101(40B).

WHEREAS, the Stored Materials contain personally identifiable information within the meaning of 11 U.S.C. § 101(41A) ("**PID**") as well as protected health information ("**PHI**") of Debtors' patients.

WHEREAS, as of May, 2025, there were a total of approximately 103,000 cartons of records in Access' possession that Access asserts are the Debtors' records.

WHEREAS, because the Stored Materials are believed to contain PID and PHI, they must be maintained confidentially; and, in addition, when such records are destroyed, they must be destroyed in a method that preserves confidentiality (*i.e.* shredding).

WHEREAS, on November 3, 2024 (the "**Petition Date**"), the Debtors filed their chapter 11 petitions with this Court and CarePoint Health is among the Debtors.

WHEREAS, on June 13, 2025, Access filed its *Motion of Access Information Management Corporation for Allowance and Payment of Administrative Expense Claims* [Docket No. 1346] (the "**Admin Claim Motion**").

WHEREAS, on July 7, 2025, the Debtors filed their *Objection of the Debtors to Motion of Access Information Management Corporation for Allowance and Payment of Administrative Expense Claims* [Docket No. 1386] ("**Debtors' Objection**").

WHEREAS, by order dated April 17, 2025 (D.I. 1168, the "**Confirmation Order**"), this Court confirmed the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization as Modified as of April 15, 2025 (the "**Plan**").

WHEREAS, the Effective Date of the Plan was May 22, 2025 (*see* Notice of Effective Date, D.I. 1285).

WHEREAS, because a motion seeking rejection of the Access Storage Contracts was pending as of the Plan Effective Date, the Access Storage Contracts were not deemed rejected by confirmation of the Plan and instead were rejected by the Debtors pursuant to the order approving a stipulation between the Parties providing for the rejection of the Access Storage Contracts entered on July 1, 2025 [Docket No. 1382].

WHEREAS, trial of the Admin Claim Motion was scheduled to proceed on January 8, 2026.

WHEREAS, the Parties engaged in arms-length, good faith discussions concerning resolution of the Admin Claim Motion, reached agreement to resolve the Admin Claim Motion, and have documented their agreement in this Stipulation.

NOW THEREFORE, the Parties, intending to be bound, and for good and valuable consideration, hereby STIPULATE and AGREE, subject only to the approval of the Court, as follows:

1.      This Stipulation is subject to the approval of the Court and shall be null and void in the event it is not approved.

2.      This Stipulation shall be effective immediately upon entry of an Order of the Court approving this Stipulation (the "**Effective Date**").

3

3.      Access shall have an allowed administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code in the amount of $700,000.00 (the "**Allowed Administrative Claim**").

4.      The Debtors will pay the Allowed Administrative Claim pursuant to the following payments to be made to Access (as context requires, a "**Required Payment**" and, collectively, the "**Required Payments**"):

(a)     Upon execution of this Stipulation by the Parties Debtors shall tender $250,000.00 to Access (the "**First Required Payment**"), which payment shall be immediately returned to the Debtors if this Stipulation is not approved by the Court;

(b)     On or before February 10, 2026, Debtors shall tender to Access $150,000.00 plus interest at the rate of 12% on the outstanding balance of the Allowed Administrative Claim calculated from execution of this Stipulation to the date of payment (the "**Second Required Payment**");

(c)     On or before March 10, 2026, Debtors shall tender to Access $150,000.00 plus interest at the rate of 12% on the outstanding balance of the Allowed Administrative Claim from the date of payment of the Second Required Payment to the date of payment (the "**Third Required Payment**"); and

(d)     On or before April 10, 2026, Debtors shall tender to Access $150,000.00 plus interest at the rate of 12% on the outstanding balance of the Allowed Administrative Claim from the date of payment of the Third Required Payment to the date of payment (the "**Fourth Required Payment**").

5.      In order for a Required Payment to be timely hereunder, Access must receive good funds by the applicable deadline.

4

6. Time is of the essence with respect to the Required Payments.

7. Debtors consent to entry of a judgment for Access and against each of them jointly and severally for $675,000.00. Such judgment may be transferred by Access to and lodged in the federal and state courts of New Jersey and in any other jurisdiction in which Debtors have property. So long as Debtors have timely made all Required Payments Access shall not execute on any of the judgments entered. Access shall mark all judgments entered as satisfied promptly after 91 days have elapsed after Debtors have made all Required Payments.

8. As part of the settlement set forth in this Stipulation, Debtors have directed Access to destroy all of the Stored Materials. Without transfer of any of the Debtors' obligations, if any, with respect to retention or confidentiality of the Stored Materials, Debtors hereby relinquish and abandon the Stored Materials to Access and Access shall destroy the Stored Materials in accordance with NAID® specifications and Access thereafter may dispose of the Stored Materials at its discretion in the ordinary course of its business operations.

9. Access shall destroy Stored Materials in batches consistent with the Required Payments:

> (a) Upon the First Required Payment being made, and approval of this Stipulation by the Court, Access shall proceed to destroy 5/14th (~35.7%) of the Stored Materials;

> (b) Upon the Second Required Payment being made, Access shall proceed to destroy 3/14th (~21.4%) of the Stored Materials;

> (c) Upon the Third Required Payment being made, Access shall proceed to destroy 3/14th (~21.4%) of the Stored Materials; and

> (d) Upon the Fourth Required Payment being made, Access shall proceed to destroy the remaining 3/14th (~21.4%) of the Stored Materials.

The Parties intend that the Required Payments and the corresponding destruction of Stored Materials by Access shall be contemporaneous exchanges for new value and/or as new value provided by Access, as contemplated by 11 U.S.C. § 547(c). For the avoidance of doubt, Access may, but is not required to, destroy Stored Materials absent Debtors making any one or more of the Required Payments.

10.    Immediately upon the execution of this Stipulation, and without the need for Bankruptcy Court approval, Debtors will provide Access with evidence of its sales tax exemption under New Jersey law. In the event that Access is responsible to pay any sales taxes associated with the services provided hereunder, Debtors will indemnify Access in full for any such tax liability within 14-days of receipt of notice of same from Access.

11.    Conditioned upon and effective only upon timely receipt of all the Required Payments, and except as otherwise expressly provided hereunder, Access releases the Debtors and their bankruptcy estates from any claims, debts, rights or causes of action including, without limitation, any claims asserted in the Admin Claim Motion and any claims for retrieval, destruction or storage of the Stored Materials; provided, however, that (i) such release does not release any pre-petition proof of claim Access has filed in these cases (including any rejection damages claims) and all such claims, including the Debtors' right to object to any such claims, are hereby preserved, and (ii) such release does not release the Debtors from any of their obligations under this Stipulation.

12.    Upon the Effective Date of this Stipulation, the Debtors release Access from any claims, rights, debts or causes of action without limitation provided, however, that (i) such release does not limit the Debtors' ability to object to the allowance of any proof of claim filed by Access, and (ii) does not release Access from its obligations under this Stipulation.

6

57003787.3
57003787.4

13.     Any notice required or otherwise to be given under this Stipulation are to be provided as follows:

(a)   if to Access:

(i)     Brian Greene, General Counsel
Brian.greene@accesscorp.com

(ii)    John Demmy, Esq.
Saul Ewing LLP
1201 N. Market Street, 23rd Floor
Wilmington, DE 19801
John.demmy@saul.com

(b)   if to Debtors:

(i)     Shamiq Syed
Deputy System Chief Financial Officer
Shamiq.syed@hudsonregionalhealth.com; and

(ii)    Anne Aaronson, Esq.
Dilworth Paxon LLP
1650 Market Street, Suite 1200
Philadelphia, PA  19103
aaaronson@dilworthlaw.com

14.     The signatories to this Stipulation have the necessary authority to execute this Stipulation on behalf of the Parties.

15.     This Stipulation shall be interpreted in accordance with its express terms without regard to any rule of construction based on the initial or primary drafter of this Stipulation.

16.     This Stipulation embodies all of the terms and conditions of the Parties' understanding concerning its subject matter and no oral understanding or writings exist and no oral understanding or writings shall be admissible to supplement or modify any of the terms and conditions of this Stipulation.

17.     This Stipulation may be executed in counterparts and an electronic, photocopied or facsimile signature shall suffice in lieu of an original holographic signature.

7

STIPULATED and AGREED as of this 8th day of January, 2026

**Access Information Management Corporation**

By: _____

       Brian Greene
       Its: General Counsel

       -and-

**SAUL EWING LLP**

 /s/ *John D. Demmy*
John Demmy (Del. Bar No. 2802)
1201 M. Market Street, 23rd Floor
Wilmington, DE 19801
Counsel to Access Information Management Corporation

**CarePoint Health Systems Inc. D/B/A Just Health Foundation and its affiliated Reorganized Debtors**

By:_____

       Shamiq Syed
       Their: System Chief Financial Officer

       -and-

**DILWORTH PAXSON LLP**

By: /s/ *Peter C. Hughes*
Peter C. Hughes (I.D. No. 4180)
800 King Street – Suite 202
Wilmington, DE 19801
Telephone: (302) 571-9800
Facsimile: (302) 351-8735

       -and-

/s/ *Anne M. Aaronson*
Lawrence G. McMichael (Admitted Pro Hac Vice)
Peter C. Hughes
Anne M. Aaronson (Admitted Pro Hac Vice)
Jack Small (Admitted Pro Hac Vice)
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone: (215) 575-7000
Facsimile: (215) 754-4603
Counsel for the Debtors

8

57003787.3
57003787.4

STIPULATED and AGREED as of this 8th day of January, 2026

**Access Information Management Corporation**

By: _____
     Brian Greene
     Its: General Counsel

     -and-

**SAUL EWING LLP**

 /s/ *John D. Demmy*
John Demmy (Del. Bar No. 2802)
1201 M. Market Street, 23rd Floor
Wilmington, DE 19801
Counsel to Access Information Management Corporation

**CarePoint Health Systems Inc. D/B/A Just Health Foundation and its affiliated Reorganized Debtors**

By: _____
     Shamiq Syed
     Their: System Chief Financial Officer

     -and-

**DILWORTH PAXSON LLP**

By: /s/ *Peter C. Hughes*
Peter C. Hughes (I.D. No. 4180)
800 King Street – Suite 202
Wilmington, DE 19801
Telephone: (302) 571-9800
Facsimile: (302) 351-8735

     -and-

/s/ *Anne M. Aaronson*
Lawrence G. McMichael (Admitted Pro Hac Vice)
Peter C. Hughes
Anne M. Aaronson (Admitted Pro Hac Vice)
Jack Small (Admitted Pro Hac Vice)
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone: (215) 575-7000
Facsimile: (215) 754-4603
Counsel for the Debtors

57003787.3
57003787.4